IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROSE MARY MILLER

                Plaintiff,

v.                                         CIVIL ACTION NO. 2:18-cv-01204

KANAWHA ENERGY COMPANY, LLC, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion to Remand [ECF. No. 16] pursuant to 28 U.S.C. § 1447(c). Also pending before the court is defendant National Union Fire Insurance Company of Pittsburgh, PA's Motion to Dismiss [ECF No. 14]. For the reasons set forth below, the plaintiff's Motion is **GRANTED,** and the defendant's Motion is **DENIED as moot**.

I.     Factual Background

The plaintiff alleges, inter alia, that the defendants Kanawha Energy Company, LLC; Spartan Mining Company, LLC; Alpha Appalachia Services, LLC; and Alpha Natural Resources, LLC's (the "Alpha defendants") tortious conduct on June 23, 2016, contributed to and caused massive flooding of the plaintiff's home. As a result, the plaintiff suffered severe damage to her personal property. The plaintiff alleges eight Counts arising from this conduct. In addition to the torts, the plaintiff

seeks a declaration of defendant National Union Fire Insurance Company of Pittsburgh, PA's ("defendant National") insurance obligation under the Alpha defendants' insurance policy.

Importantly, at the time of the flooding, the Alpha defendants were in bankruptcy. And before the plaintiff filed this lawsuit, the Alpha defendants were discharged from bankruptcy with all of the usual benefits associated with a "fresh start," including the customary discharge injunction pursuant to 11 U.S.C. § 524(a). On June 22, 2018, the plaintiff filed a Complaint seeking a judgment against the Alpha defendants so that the plaintiff could then pursue a claim against defendant National for insurance money. Defendant National removed to this court on August 1, 2018, and has moved to dismiss this suit for violating the § 524(a) discharge injunction and the Plan of Reorganization. *See* Mot. Dismiss; [ECF No. 14]; *see also* Reply 3; [ECF No. 23]. That same day, the plaintiff moved to remand this case for lack of subject matter jurisdiction.

The issue before the court is whether the Alpha defendants are considered "nominal" parties for purposes of diversity. The plaintiff and the Alpha defendants are residents of West Virginia while defendant National is a Pennsylvania corporation with its principal place of business in New York, New York. Thus, if the Alpha defendants are not nominal parties, this case must be remanded for lack of jurisdiction.

## II. Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction requires complete diversity and an amount in controversy in exceeding $75,000. 28 U.S.C. § 1332(a). Importantly, removal is not proper if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). And "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

For purposes of a diversity jurisdiction analysis, the citizenship of "nominal" parties need not be considered. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460–61 (1980). This exception "ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *Fire Ins. v. Harleysville Mut. Ins.*, 736 F.3d 255, 259 (4th Cir. 2013). "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.*

## III. Discussion

The plaintiff asserts that the Alpha defendants' citizenship must be considered for determining whether complete diversity exists. Defendant National argues that the Alpha defendants are "nominal parties" because the plaintiff is merely seeking a

declaration of liability against them so that the plaintiff can collect the insurance proceeds from the insurer, the real party in interest.

Courts that have decided the question have found that in determining whether diversity exists, the citizenship of bankrupt defendants sued solely for the purpose of obtaining a judgment to ultimately collect from an insurer may not be disregarded. *See, e.g.*, *Carlsbad v. I&W, Inc.*, No. 12-080 BB-CG, 2012 WL 12931286, at *6 (D.N.M. May 15, 2012) (finding that despite the debtor's "discharge from monetary liability, [it] is more than a nominal party to [the] proceeding" for a judgment of liability); *Monroe v. Cont'l Tire Am.*, 807 F. Supp. 2d 1129, 1133–34 (M.D. Fla. 2011) (finding that a bankrupt debtor was an indispensable party in a suit seeking judgment to ultimately collect from the debtor's insurer); *Stewart v. Jennings*, No. 1:10-cv-158, 2010 WL 3009536, at *3 (E.D. Tenn. July 28, 2010) (finding that the defendant debtor was not nominal because its conduct was the central issue of the litigation and establishing the debtor's liability was necessary for the plaintiff to recover from the insurer); *Schuchmann v. Miraglia*, No. 3:04-cv-1057-B, 2004 WL 2626532, at *2 (N.D. Tex. Nov. 16, 2004) (finding that the debtor was not nominal because the plaintiff had to sue the debtor directly in order to recover from the debtor's insurer).

The court finds these cases persuasive. Like the plaintiffs in the above cases, the plaintiff cannot proceed against the insurer directly without a judgment against the debtor. *Christian v. Sizemore*, 383 S.E.2d 810, 812 (W. Va. 1989) (citing *Davis v. Robertson*, 332 S.E.2d 819 (1985)); *but cf. Christian*, 383 S.E.2d at Syl. Pt. 3 ("An injured plaintiff may bring a declaratory judgment action against the defendant's

insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action where the defendant's insurer has denied coverage."). Because a judgement is required against the Alpha defendants before proceeding against the insurer for proceeds, the Alpha defendants are not nominal parties. Furthermore, the Alpha defendants have an "immediately apparent stake" despite who ultimately pays the bill because it was their alleged tortious conduct that caused the plaintiff's harm and because it is their goodwill at risk for allegedly causing the flooding.

Defendant National, however, argues that the plaintiff cannot not sue the Alpha defendants "nominally" in regard to the discharge injunction while at the same time saying they are *not* "nominal" for diversity purposes. But this argument has been consistently rejected. *See, e.g.*, *Monroe*, 807 F. Supp. 2d at 1133–34 (distinguishing "nominally liable" for § 524(a) purposes and "nominal parties" for diversity purposes); *Stewart*, 2010 WL 3009536, at *3 (same). Defendant National, like the insurer in *Monroe*, has fallen victim to an equivocation fallacy.

In this context, the word "nominal" has two different meanings. On the one hand, the plaintiff is suing the Alpha defendants "nominally" against the discharge injunction because the plaintiff is not seeking money damages from the debtor, only liability. *See In re Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993) (finding that 11 U.S.C. § 524(a) does not preclude a suit brought against the debtor for the purpose of establishing the debtor's nominal liability in order to collect on the debtor's insurance); *In re Jet Fla. Sys., Inc.*, 883 F.2d 970, 976 (11th Cir. 1989) ("[A] plaintiff

may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another . . . ."). On the other hand, the Alpha defendants are not "nominal" for diversity because they are the main party in interest whose conduct is the central issue of the controversy. *See, e.g.*, *Monroe*, 807 F. Supp. 2d at 1133–34. The plaintiff cannot sue the insurer without first obtaining a judgment that the debtor is liable for its conduct.

Defendant National also argues that these cases are distinguishable because they are premised on the fact that the insurance company would pay to defend the underlying action and would ultimately be responsible to satisfy the underlying liability. But defending the underlying suit and paying the Alpha defendants' debt does not change the outcome. For example, practically all car crash cases are paid by insurance companies; the parties would not doubt that a tortious driver's citizenship must be considered for diversity regardless of whether an insurer would ultimately pay.[1]

The plaintiff did not need to join defendant National for a declaratory judgment in this lawsuit, but doing so "protects [the plaintiff] from an insured who has no independent assets and [who may not be] concerned about insurance coverage." *Christian v. Sizemore*, 383 S.E.2d 810, 814 (W. Va. 1989). Put simply, by seeking now a declaration that defendant National's policy covers the Alpha defendants' torts

---

[1] While at least one court has suggested that the costs to defend borne solely by a discharged debtor may be contrary to the purposes of a "fresh start," that question is not before the court because, as discussed, the court lacks jurisdiction. *See Edgeworth*, 993 F.2d at 54.

avoids potential future litigation over whether coverage actually exists and conserves judicial resources. It also protects the plaintiff from expending resources on a judgment that the plaintiff might not ever be able to collect.[2] In sum, the court **FINDS** that the Alpha defendants are not nominal parties and that their citizenship must be accounted for.

## IV. Conclusion

Because the Alpha defendants are not completely diverse from the plaintiff, the court **FINDS** that it lacks subject matter jurisdiction and **REMANDS** this case to the Boone County Circuit Court for further proceedings. Further, the court **DENIES as moot** the defendant's Motion to Dismiss [ECF No. 14].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     October 3, 2018

                */s/ Joseph R. Goodwin*
                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE

---

[2] The court expresses no view as to whether defendant National is the Alpha defendant's insurer or as to whether any such policy covers the alleged tortious conduct.